

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# Savitsky v. Mazzella

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Savitsky v. Mazzella" (2009). *2009 Decisions*. Paper 1667.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1667

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2071
_____

ROBERT SAVITSKY

v.

LOUIS MAZZELLA;
ANNE MAZZELLA, h/w

Louis V. Mazzella, Sr.,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 89-cv-06314)
District Judge: Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2009

Before: RENDELL, AMBRO and JORDAN, *Circuit Judges*.

(Filed March 27, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Appellant Louis Mazzella appeals an order from the United States District Court for the Eastern District of Pennsylvania denying his motion to mark as partially satisfied the judgment that has been entered against him.

## I.     Background

This case has a long history, but the facts relevant to this appeal are few.  In June 1991, the District Court entered judgment for Appellee Robert Savitsky against Mazzella for $90,000.  Mazzella failed to pay the judgment, so interest accrued and was compounded.  In October 2005, Savitsky received a check for $207,000 toward satisfaction of his judgment against Mazzella.  After the payment, however, Mazzella still owed Savitsky at least $11,129.79[1] under the judgment.

Mazzella moved to have the judgment marked as partially satisfied, noting that Savitsky had not filed an acknowledgment with the Court that he had received payment on the judgment.  In addition, he argued that, because he had paid off the original principal of $90,000, no additional interest should accrue on the amount still owed under

---

[1] In his brief, Mazzella claims that the October 2005 payment reduced the amount due to Savitsky under the judgment to $11,129.72.  (Appellant's Brief at 5.)  Savitsky, however, in his Answer to Mazzella's Motion to Mark Judgment Partially Satisfied, claims that Mazzella still owes him "approximately $13,000" under the judgment.  (App. at 23.)

the judgment. In a one-sentence order, the District Court denied Mazzella's motion. Mazzella filed a timely notice of appeal.

## II. Discussion[2]

Mazzella raises two issues. First, he contends that the District Court abused its discretion by refusing to mark the judgment as partially satisfied. Second, he asserts that the District Court erred by declining to order that no further interest will accrue on the remaining amount due under the judgment. Savitsky did not file an answering brief.

Federal Rule of Civil Procedure 60 (b)(5) grants district courts discretion to "relieve a party ... from a final judgment, order, or proceeding ... [when] the judgment has been satisfied." The rule has been interpreted to allow district courts to mark judgments as partially satisfied. *See, e.g.*, *BUC Intern. Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1274-75 (11th Cir. 2008) (citing Rule 60(b)(5) as "an appropriate vehicle through which to seek credit against all or part of a judgment"); *Kassman v. American University*, 546 F.2d 1029, 1033 (D.C. Cir. 1976) ("A motion for a credit on a judgment should be treated as a Rule 60(b)(5) motion").

---

[2] The District Court had jurisdiction over this matter under 28 U.S.C. § 1332. We have jurisdiction to review the District Court's denial of Mazzella's F. R. Civ. P. 60(b) motion pursuant to U.S.C. § 1291. *See Binker v. Com. of Pa.*, 977 F.3d 738, 744 (3d Cir. 1992) (stating that a district court's denial of a Rule 60(b) motion is a final order over which we have appellate jurisdiction); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2871 (2d ed. 1995) ("An order denying a motion under Rule 60(b) is final and appealable... .").

Mazzella argues that he is entitled to have the judgment marked partially satisfied and that the District Court abused its discretion by committing an error of law when it denied his motion. But Rule 60(b) does not obligate district courts to mark judgments as satisfied; rather it gives them the discretion to do so. *See* F. R. Civ. P. 60(b) ("the court *may* relieve a party... .") (emphasis added). The District Court, therefore, did not commit an error of law by denying Mazzella's motion. As Mazzella has not asserted any other grounds for his claim that the District Court abused its discretion, we hold that it was not an abuse of discretion to deny Mazzella's motion.[3]

In addition, the District Court was correct to refrain from ordering that no further post-judgment interest would accrue. How interest accrues on money judgments recovered in district courts is governed by 28 U.S.C. § 1961. Under § 1961, interest on judgments is "computed daily to the date of payment." 28 U.S.C. § 1961(b). Because the judgment has not been paid in full, under 28 U.S.C. § 1961, interest will continue to accrue.[4]

---

[3]To the extent that Mazzella's appeal is based on a concern that Savitisky has not acknowledged receiving payment, the concern is ill-founded. In Savitisky's Answer to Mazzella's Motion to Mark the Judgment Partially Satisfied, filed with the District Court and included in the Appendix prepared for this appeal, Savitisky admits to receiving a payment of principle and interest in the amount of $207,000. (App. at 22.)

[4]Whether it accrues on the basis of the amount still owing or on some other basis is an issue that has not been presented to us and as to which we do not now opine. It is sufficient to observe that Mezzella's claim that no interest should accrue is unfounded.

4

## III. Conclusion

Because the District Court did not abuse its discretion by refusing to mark the judgment as partially satisfied and was correct to refrain from ordering that no further post-judgment interest would accrue, we will affirm its order.